1  Jason Alan, Pro Se Litigant
2  291 Sequoia Ct #24
3  Thousand Oaks, CA 91360
   818-523-7456
4  bizagent818@gmail.com email

5

6  **RECEIVED**
   CLERK, U.S. DISTRICT COURT
   5/19/20
7  CENTRAL DISTRICT OF CALIFORNIA
   BY: ___CS___ DEPUTY

   **FILED**
   CLERK, U.S. DISTRICT COURT
   5/20/20
   CENTRAL DISTRICT OF CALIFORNIA
   BY: ___CS___ DEPUTY

8  UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA
9

10 JASON ALAN,                      )  Case No.  CV20-4544-RSWL(AFMx)
   Plaintiff,                       )
11                                  )
                                    )
12     vs.                          )
                                    )
13                                  )  **VERIFIED COMPLAINT**
   JPMORGAN CHASE BANK,             )
14 NATIONAL ASSOCIATION; DOES       )  1. Violation of the Rosenthal Fair
15 1 through 10 inclusive.          )     Debt Collection Practices Act,
                                    )     Cal. Civ. Code § 1788, *et seq.*;
16 Defendant,                       )  2. Violation of the California
17                                  )     Invasion of Privacy Act, Cal. Pen.
                                    )     Code § 632;
18                                  )  3. Violation of the California
19                                  )     Invasion of Privacy Act, Cal. Pen.
                                    )     Code § 632.7;
20                                  )  4. Negligent Violations of the
21                                  )     Telephone Consumer Protection
                                    )     Act, 47 U.S.C. § 227; and
22                                  )  5. Willful Violations of the
23                                        Telephone Consumer Protection
                                          Act, 47 U.S.C. § 227.
24
                                       **JURY REQUESTED**
25
26                                     **DEMAND FOR JURY TRIAL**
   _____
27

28
       Plaintiff JASON ALAN ("Plaintiff"), individually alleges the following

upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.   Plaintiff JASON ALAN (hereinafter, "Plaintiff") brings this action against Defendant JPMORGAN CHASE BANK USA, N.A (hereinafter, "Defendant") for its brazen disregard of their duty to respect Plaintiff's consumer and debtor rights to be free of unscrupulous and unfair debt collection practices and erroneous credit reporting, to wit, Defendant's numerous and egregious violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of alleged debts.

2.   Additionally to the violations recounted above, Defendant is also liable for numerous other violations of Plaintiff's consumer rights, to wit, Defendant recorded conversations it had with Plaintiff to his cellular telephone without his prior express consent or knowledge, and these conversations involved discussion of sensitive confidential information under circumstances evincing Plaintiff's reasonable expectation of privacy in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 632.

3.   Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## JURISDICTION & VENUE

4.   This Court has subject matter jurisdiction over Plaintiff's consumer protection claims pursuant to 28 U.S.C. §§ 1331.

5.    Defendant JPMORGAN CHASE BANK USA, N.A., (hereinafter, "Defendant") is subject to personal jurisdiction in this Court because it does business extensively within this District and it has purposefully availed itself of the protections and obligations of this District.

6.    Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2).

## PARTIES

1.    Plaintiff, JASON ALAN ("Plaintiff"), is a natural person residing in Ventura County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*. Also, Plaintiff is a "person" as defined by *Cal. Pen. Code § 632(b)*.

2.    Defendant, JPMORGAN CHASE BANK USA, N.A., and DOES 1-100, ("Defendant") is a massive national consumer financial institution, and is a "person" as defined by *47 U.S.C. § 153 (39)*. Also, Defendant is a "person" as defined by *Cal. Pen. Code § 632(b)*.

3.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.4230 Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and

ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

5.      In or around April 2016 Plaintiff asked Defendant in writing to cease and desist communication by telephone.

6.      In or around January 28 2020, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -7456 to solicit Plaintiff.

7.      Defendant recorded Plaintiff's telephone call without giving notice at the beginning of the call that Defendant was recording the call.

8.      During the telephone call on January 28, 2020 Plaintiff asked Defendant on January 28, 2020 to stop calling.

9.      Defendant contacted Plaintiff on May, 15, 2020 from (800)-945-2001 to Plaintiff's cellular telephone number ending in x7456.

10.     Defendant never had Plaintiff's express prior consent to be contacted by Defendant on his cellular telephone.

11.     Defendant recorded Plaintiff's telephone call without giving notice at the beginning of the call that Defendant was recording the call.

12.     Plaintiff is not a customer of the Defendant and has no accounts with Defendant.

13.     Defendant used an "automatic telephone dialing system" ("ATDS") as defined by *47 U.S.C. § 227(a)(1)* to place its frequent and incessant calls to Plaintiff on January 28, 2020 and May 15, 2020

14.     Defendant never had Plaintiff's prior express consent to be contacted by Defendant through Defendant's use of an ATDS.

15.     Defendant contacted or attempted to contact Plaintiff from telephone numbers confirmed to belong to Defendant including without limitation (800) 945-2001.

16.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18.    During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

19.    During the conversation between Plaintiff and Defendant, Plaintiff maintained a reasonable expectation of privacy. That is, Plaintiff had a reasonable expectation during his phone conversation with Defendant that the conversations would neither be recorded nor overheard.

20.    Defendant recorded Plaintiff's voice on each and every phone call and thereby recorded "communication" from Plaintiff as the term is defined under Cal. Pen. Code § 632.7(c)(3).

21.    Defendant called Plaintiff on his cellular telephone ending in -7456 which qualifies as a "cellular radio telephone" as defined by the CIPA, Cal. Pen. Code § 632.7(c)(1).

22.    Defendant is not a public utility engaging in the business of providing communications services and facilities.

23.    Defendant intentionally recorded their call with Plaintiff through the use of an electronic device without having first obtaining Plaintiff's consent to be recorded or otherwise notifying Plaintiff that the call was being recorded, thereby violating the CIPA, Cal. Pen. Code § 632.7.

24.    Upon information and belief, as well as his experience of being recorded without his consent, Plaintiff alleges that, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent collection calls in violation of the regulations prescribed under *47 U.S.C. § 227(c)(5)*.

7. Plaintiff alleges upon information and belief, including without limitation the regularity with which Defendant called as well as the fact that Defendant called Plaintiff after he expressly revoked any and all consent to be called by Defendant, that Defendant called Plaintiff by means of an automated telephone dialing system.

8. Plaintiff spoke with Defendant on his cellular telephone ending in -7456.

9. Defendant recorded Plaintiff's voice and thereby recorded "communication" from Plaintiff as the term is defined under Cal. Pen. Code § 632.7(c)(3).

10. Defendant called Plaintiff on his cellular telephone number ending in -7456 which qualifies as a "cellular radio telephone" as defined by the CIPA, Cal. Pen. Code § 632.7(c)(1).

11. Plaintiff spoke with Defendant from a private location away from where any other people could hear his conversation and thereby maintained a reasonable expectation of privacy while speaking with Defendant.

12. Defendant intentionally recorded their call with Plaintiff through the use of an electronic device without having first obtaining Plaintiff's consent to be recorded or otherwise notifying Plaintiff that the call was being recorded, thereby violating the CIPA, Cal. Pen. Code § 632.7.

13. Given the lopsided balance of bargaining power between consumers such as Plaintiff and powerful and financially robust banking institutions such as Defendant, Defendant knew or should have known that its conduct as herein described was reasonably calculated and likely to result in Plaintiff being confused, harassed, anxious, and without a reasonable means of responding to Defendant's debt collection efforts without the assistance of counsel.

14. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

15. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

17. RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector or original creditor collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b through 1692j of the FDCPA, inclusive of, and shall be subject to the remedies of Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §§ 1692d & 1692d(5).

18. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including without limitation the following:

      a. After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication (15 U.S.C.§ 1692 c©)

      b. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

      c. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

      d. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1));

    e.   Any conduct the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692d);

    f.   Caused the phone to ring or engaged any person in telephone conversations repeatedly (15 U.S.C. § 1692d(5)); and

    g.   Using unfair or unconscionable means in connection with an attempt to collect an alleged debt (15 U.S.C. § 1692f).

19. Defendant's conduct as herein described runs afoul of each every one of the above-stated RFDCPA provisions among others.

20. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory damages $1000 under RFDCPA, $10,000 Cal. Pen. Code § 632, TCPA up to an additional $500- to $3500 for 2 calls, actual damages of $2,519.16 (Credit Monitoring)$29.99 per month for 7 years), and punitive damages, along with reasonable attorney's fees and costs according to code  to be totaled upon entry of judgment, as well as such other relief permitted by law and which this Court deems due and proper.

21. Despite having ample time and resources to prevent the conduct of which Plaintiff herein complains, Defendant still violated his rights as herein alleged.

22. Plaintiff has previously attempted to resolve this matter with Defendant prior to filing this case and has attempted to mitigate damages.

23. That is, because of Defendant's conduct and misrepresentations as herein described, Purchase additional credit monitoring services and thereby lost money that he otherwise would not have but for Defendant's conduct and misrepresentations.

24. Plaintiff reaped no benefit whatsoever from Defendant's conduct and received nothing from Defendant.

25. As a result of Defendant's conduct as described herein, Plaintiff has suffered economic and emotional harm, and Plaintiff here and now seeks recompense from Defendant's for its numerous and egregious violations of the RFDCPA, FDCPA, CIPA, and the TCPA. Plaintiff seeks to enjoin Defendant's conduct as well as any and all remedies available at law and any and all other remedies that the Court deems due, proper, and owing.

### FIRST CAUSE OF ACTION: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT Cal. Civ. Code § 1788, *Et Seq.*

**26.** Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1 – 45 of thisComplaint as if they were fully set forth herein.

**27.** To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**28.** The acts of Defendants were done with the intent to annoy harass, intimidate, or otherwise coerce Plaintiff into payment of the alleged debt. Moreover, the knowing and willful actions of Defendants, even after the cease and desist and knowing Plaintiff was represented were done with malice and oppression, especially in light of the unfair bargaining power.

**29.** Defendants are therefore liable to Plaintiff for their numerous violations of the RFDCPA.

///

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.   Actual damages in the amount of $3,599.16;

B.  Statutory damages for all violations as well as for willful and negligent violations in the amount of not less than $100.00 and not more than $1,000.00;

C.  Exemplary and punitive damages as determined by the Court or Finder of Fact;

D.  Reasonable attorney's fees per CCC § 1788.62(c)(1);

E.  Costs per CCC § 1788.62(c)(1); and

F.  For such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT
### Cal. Pen. Code § 632, *Et Seq.*

**55.** Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-53 of this Complaint as if they were fully set forth herein.

**56.** Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Cal. Pen. Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (*Citations omitted*) Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation." (Kearney v. Solomon Smith Barney Inc. (2006) 39 Cal. 4th 95, 125.).

**57.** California Penal Code § 632(a) reads in pertinent part "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to

eavesdrop upon or record the confidential communication, whether the
communication is carried on among the parties in the presence of one another
or by means of a telegraph, telephone, or other device, except a radio, shall be
punished by a fine not exceeding two thousand five hundred dollars ($5,000)
per violation. . . If the person has previously been convicted of a violation of
this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be
punished by a fine not exceeding ten thousand dollars ($10,000) per violation.
. .".

**58.** California Penal Code § 632(c) defines "confidential communication"
as ". . .any communication carried on in circumstances as may reasonably
indicate that any party to the communication desires it to be confined to the
parties thereto, but excludes a communication made in a public gathering or
in any legislative, judicial, executive, or administrative proceeding open to
the public, or in any other circumstances in which the parties to the
communication may reasonably expect that the communication may be
overheard or recorded."

**59.** Defendant was not at any relevant time a "public utility" subject to any
of the provisions of Cal. Pen. Code §§ 632(e)(1)-(3).

**60.** At all relevant times, Plaintiff maintained a reasonable expectation of
privacy in his conversations with Defendant, and those conversations
therefore qualify as "confidential communication" under Cal. Pen. Code §
632(c).

**61.** Defendant did not disclose to Plaintiff that it was recorded their
conversation until well after Plaintiff had disclosed confidential
communication with Defendant.

**62.** Defendant is therefore liable to Plaintiff for all damages under Cal.
Pen. Code § 632, *et seq.* including without limitation statutory damages of
$5,000 per violation under Cal. Pen. Code § 632(a).

**63.** Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff seeks recovery of his attorney's fees and costs pursuant to the private attorney general doctrine codified in Cal. Code of Civ. Pro. § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. For statutory damages of $5,000.00 for a total of $10,000 (2 calls);

B. For statutory damages for violation of Cal. Penal Code § 632 for Plaintiff pursuant to Cal. Penal Code § 637.2(a);

C. For statutory damages of $5,000 for violation of Cal. Pen. Code § 632(a);

D. Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations without first informing and receiving consent from the other party to the conversation;

E. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California residents, including Plaintiff, without their prior consent as required by Cal. Pen. Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and California consumers;

F. For actual damages;

G. For general damages according to proof;

H. For prejudgment interest at the legal rate;

I. For attorney fees per to Cal. Code of Civ. Pro. § 1021.5;

J. Costs of suit per Cal. Code of Civ. Pro. § 1021.5; and

K. For such further relief as this Court deems necessary, just, and proper.

## THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT
### Cal. Pen. Code § 632.7, *Et Seq.*

64. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-62 of this Complaint as if they were fully set forth herein.

**65.** California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication… intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone."   Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

**66.** An amendment effective January 1, 2017 specified that the statutory damages are "per violation." See Cal. Penal Code § 637.2(a)(1). Effective January 1, 2017, the California Legislature modified the language of California Penal Code section 637.2(a)(1), permitting recovery of "Five thousand dollars ($5,000) per violation." At least one federal court has ruled that this modification was a clarification and not an amendment, meaning that a person harmed under this code may be entitled to statutory damages of $5,000 for each and every unlawfully recorded call, even if the call predates 2017 when the code did not expressly include the "per violation" language. (Ronquillo-Griffin v. Telus Communs., Inc., No. 17-cv-129-JM (BLM), 2017 U.S. Dist. LEXIS 99577, at *16 (S.D.Cal. June 27, 2017).

**67.** Though similar, California Penal Code §§ 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone.    For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

**68.** Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

**69.** Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

**70.** Said recording equipment was used to record the telephone conversations of Plaintiff while he was his utilizing cellular telephone, all in violation of California Penal Code § 632.7.

**71.** Based on the foregoing, Plaintiff is entitled to, and below herein do pray for, their statutory remedies and damages, including without limitation, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

**72.** Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff seeks recovery of his attorney's fees and costs pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    For statutory damages of $5,000 for a total of $10,000 (2 calls) for violation of Cal. Penal Code § 632 for Plaintiff pursuant to Cal. Penal Code § 637.2(a);

    B.    For statutory damages of $5,000.00 for violation of Cal. Pen. Code § 632(a);

    C.    Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations without first informing and receiving consent from the other party to the conversation;

    D.    That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California

residents, including Plaintiff, without their prior consent as required by Cal. Pen. Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and California consumers;

E.   For general damages according to proof;

F.   For prejudgment interest at the legal rate;

G.   For attorney fees and costs of suit pursuant to Cal. Code of Civ. Pro. § 1021.5; and

H.   For such further relief as this Court deems necessary, just, and proper.

## FOURTH CAUSE OF ACTION: INTENTIONAL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, et al.

**77.** Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-75 of this Complaint as if they were fully set forth herein.

**78.** The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

**79.** As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

**80.** Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as

the terms are defined under the TCPA pending resolution of this action;

B.    Actual damages;

C.    Statutory damages for all violations as well as for willful and negligent violations;

D.    As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227 et seq.*, Plaintiff and the TCPA Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation totaling up to $10,500.00 for 7 violations, pursuant to *47 U.S.C. §227(b)(3) (B)* and *47 U.S.C. §227(b)(3)(C)*;

E.    For equitable relief enjoining Defendant from future violations;

F.    Costs; and

G.    For such further relief as this Court deems necessary, just, and proper.

## SIXTH CAUSE OF ACTION WILLFUL VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, et al.

**77.** Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-75 of this Complaint as if they were fully set forth herein.

**78.** The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

**79.** As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

**80.** Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.  Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;

B.  Actual damages;

C.  Statutory damages for all violations as well as for willful and negligent violations;

D.  As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227 et seq.*, Plaintiff and the TCPA Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation totaling up to $3,500 for 2 violations, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;

E.  For equitable relief enjoining Defendant from future violations;

F.  Costs; and

G.  For such further relief as this Court deems necessary, just, and proper.

## IV. JURY

81. Plaintiff reserves his right under Section 16 of Article 1 of the Constitution of the State of California, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, to a trial by jury and hereby demands a trial by jury on all issues so triable.

///

///

## JURY DEMAND

61.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 18th Day of May, 2020

By: _____
JASON ALAN

