### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA DE JESUS FLORES, | ) | NO. CV 12-1993-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

### PROCEEDINGS

Plaintiff filed a complaint on November 20, 2012, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on May 1, 2013. Plaintiff filed a motion for summary judgment on April 30, 2013.

Defendant filed a motion for summary judgment on August 30, 2013. Plaintiff filed a reply brief on September 17, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed November 27, 2012.

## BACKGROUND

In 2009, Plaintiff filed an application for disability benefits (Administrative Record ("A.R.") 49, 72-75, 492). Plaintiff asserts disability since April 1, 2007, based on alleged "high blood pressure/chronic bronchitis/diabetes" (A.R. 74, 105-06).[1] An Administrative Law Judge ("ALJ") found that Plaintiff suffers from severe hypertension, diabetes mellitus, left knee arthritis, chest pain, and morbid obesity (A.R. 23 (adopting consultative internal medical examiner's diagnoses at A.R. 160, 163)).

The ALJ determined that Plaintiff retains the residual functional capacity to perform a limited range of light work (A.R. 24 (adopting consultative examiner's opinion at A.R. 163 and State agency physician P. N. Ligot's Physical Residual Functional Capacity Assessment at A.R. 154-58); see also A.R. 25-29 (ALJ discussing bases for assessment)). Relying on the testimony of a vocational expert, the ALJ found that, with this capacity, Plaintiff could perform her past relevant work as a maid (A.R. 29-30 (adopting vocational expert's testimony at A.R.

---

[1] Plaintiff initially asserted disability since February 2, 2007, but later amended her application to the April 1, 2007 date. See A.R. 72, 74, 106. The Administration considered the earlier onset date. See A.R. 21.

521)). Thus, the ALJ found Plaintiff not disabled through April 21, 2011, the date of the ALJ's decision (A.R. 30). On November 5, 2012, the Appeals Council denied review (A.R. 5-8).[2]

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

---

[2] On or about October 27, 2011, on initial review of a new benefits application filed on May 24, 2011, the Administration found Plaintiff disabled beginning April 22, 2011 (the day after the ALJ's adverse decision on the prior application). See Defendant's Motion, Exhibits 1 through 3. Records provided from this review indicate that Plaintiff was assessed with a "less than sedentary" residual functional capacity precluding Plaintiff from all work. Id., Exhibit 3 (Medical/Vocational Decision Guide); see also id., Exhibit 4 (October 18, 2011 Physical Residual Functional Capacity Assessment form indicating, inter alia, that Plaintiff could stand or walk two hours in an eight-hour workday with a medically required hand-held assistive device for ambulation (a walker) due to Plaintiff's left knee osteoarthritis); id., Exhibit 5 (October 8, 2011 Complete Internal Medicine Evaluation for Plaintiff finding same standing/walking limitation, and noting that a walker would be necessary for all distances unless and until a successful knee replacement surgery might be performed).

It appears these later records were not a part of the record the Appeals Council considered in denying review of the Administration's decision on the current application for benefits. See A.R. 11 (referencing the additional evidence the Appeals Council considered). The Appeals Council did consider the finding of disability on the later application, but stated that the finding did not warrant a change in the ALJ's decision. See A.R. 6.

499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

### DISCUSSION

**The ALJ Materially Erred Regarding the Determination of Plaintiff's Residual Functional Capacity.**

In connection with the application at issue, internist Dr. John Sedgh examined Plaintiff and provided a July 1, 2009 consultative report (A.R. 159-63).[3] Dr. Sedgh opined that Plaintiff could perform light work, limited only by a restriction to occasional kneeling,

---

[3] Plaintiff complained of hypertension, diabetes, chest pain and a left knee "problem" (A.R. 159; see also A.R. 114, 116 (Exertion Questionnaire dated June 25, 2009 reflecting limitations were due to Plaintiff's high blood pressure and diabetes)). Plaintiff claimed that her left knee problem had been present for four years and was worsened by standing and walking (A.R. 159). A treatment record from February 2003 provided to the Administration indicates that Plaintiff reported left knee pain that was getting worse following a fall. An x-ray at the time was "negative." See A.R. 469-82.

On examination, Dr. Sedgh indicated: (1) blood pressure of 135/74; (2) morbid obesity; (3) no evidence of muscle spasm or tenderness to Plaintiff's cervical and lumbar spine, range of motion within normal limits, and negative straight leg raising test; (4) no upper extremity abnormalities; (5) no evidence of lower extremity abnormalities except crepitation in Plaintiff's left knee, but with normal range of motion; and (6) gait within normal limits (A.R. 160-63). Dr. Sedgh found that Plaintiff has hypertension, diabetes, left knee arthritis, and chest pain (A.R. 163).

4

crouching, and stooping (A.R. 163; see also 20 C.F.R. § 404.1567(b) (defining "light work")). The ALJ adopted Dr. Sedgh's findings (A.R. 24-25). A consultative examiner's opinion can furnish substantial evidence supporting an administrative finding of non-disability. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (consultative opinion based on independent clinical findings can be substantial evidence on which the ALJ may rely).

In a July 21, 2009 assessment, state agency review physician Dr. Ligot agreed with Dr. Sedgh's residual functional capacity determination. See A.R. 154-58. Where the opinion of a non-examining expert does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990).

As argued by Plaintiff, however, the medical evidence available to Drs. Sedgh and Ligot for their review was limited. See 20 C.F.R. § 404.1527 (c)(6) (factor to consider in evaluating medical opinion evidence is the extent to which the source is familiar with other information in claimant's case record); see also Orn v. Astrue, 495 F.3d at 633-34 (a more recent medical opinion may be entitled to greater deference than an older opinion, where the more recent opinion describes or considers later significant medical events or conditions). Many if not most of Plaintiff's treatment records post-
///
///

date the reviews by Drs. Sedgh and Ligot. See A.R. 140-490.[4] Notably, the evidence available for review by Drs. Sedgh and Ligot did not include: (1) the 2010 x-rays of Plaintiff's lumbar spine and left knee which showed "marginal osteophytes and degenerative changes and spurs . . . [with] first degree spondylolisthesis with a 1 cm foreword slippage of L5 on S1" characterized as "degenerative changes" (A.R. 203), and joint space narrowing about the medial compartment of the knee (A.R. 484); (2) Dr. Meka's treatment notes from November 2009 through December 2010 indicating that Plaintiff reported right hip pain, left leg pain, low back pain, and, when examined, had back tenderness and limited range of motion (A.R. 200-02, 236-37, 243-44, 286-316, 466-67); (3) emergency room records from September 2010 for treatment of left knee pain with pain medications (A.R. 372-73, 377-82); or (4) emergency room records from May 2009, December 2009, May 2010, August 2010, and October 2010 for treatment of chest pain and shortness of breath with some notation of anxiety (A.R. 186-97, 199, 216-18, 231-34, 245-80, 368-69, 394-403).[5]

While the ALJ summarized some of this evidence in his decision (A.R. 25-26), he did not explain what impact, if any, the conditions

---

[4] Moreover, it appears that Dr. Sedgh may not have reviewed the limited medical records that were available. See A.R. 159-60 (Dr. Sedgh stating that medical history was obtained from Plaintiff and referencing no specific medical records reviewed).

[5] Plaintiff testified that she stopped working in 2007 because she became ill in part due to "a lot" of pain in her left knee and lower back (A.R. 515-16). Plaintiff explained that at the time she stopped working, she was finding chores "very difficult" because she would have to rest to take pain medication for her knee and low back (A.R. 518-19).

reflected in the additional treatment records may have had on Plaintiff's residual functional capacity.[6] Significantly, prior to the ALJ's adverse decision, no State agency doctor opined regarding what impact these conditions may have had on Plaintiff's capacity, and the ALJ rejected Dr. Meka's opinion suggesting greater limitations as assertedly unsupported by Dr. Meka's clinical examinations and treatment notes. See A.R. 26-27. The ALJ characterized the left knee x-ray as revealing "only joint space narrowing in the medial compartment" and characterized the lumbar spine x-ray as revealing "only marginal osteophytes and degenerative changes and spurs, as well as a first degree spondylolisthesis with a one centimeter forward slippage on L5 and S1" (A.R. 26-27) (emphasis added). These characterizations suggest that the ALJ gave minimal weight to this evidence in determining Plaintiff's residual functional capacity.

Absent expert medical assistance, the ALJ could not competently translate the additional medical evidence into a residual functional capacity assessment. It is well-settled that an ALJ may not render his or her own medical opinion or substitute his or her own diagnosis for that of a claimant's physician. See Tackett v. Apfel, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (ALJ erred in rejecting physicians' opinions and finding greater residual functional capacity based on claimant's testimony concerning a road trip; there was no medical evidence to support the ALJ's determination); Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (an "ALJ cannot arbitrarily substitute his

---

[6] Contrary to Defendant's assertion, the ALJ did not assess Plaintiff's lumbar spine condition as severe. Compare Defendant's Motion, p. 14, with A.R. 23.

own judgment for competent medical opinion") (internal quotation marks and citation omitted); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record). In this case, before the ALJ determined that a particular residual functional capacity purportedly would account for all of Plaintiff's medical conditions, the ALJ should have called on a medical expert to provide competent evidence with respect to such issues. See id.; see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("The ALJ has a special duty to fully and fairly develop the record to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel).

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors,[7] remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

///

---

[7] There are outstanding issues that must be resolved before a proper disability determination can be made in the present case. For at least this reason, the Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) does not compel a reversal for the immediate payment of benefits.

**CONCLUSION**

For all of the foregoing reasons,[8] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 20, 2013.


                      _____/S/_____
                            CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE

---

[8] The Court has not reached any other issue presented except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.